UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ATOLL TOPUI ISLAND, INC., a California corporation, and LOPETI KITEAU TOPUI, an individual,<br><br>Defendants.<br>_____/ | No. C 06-3059 SBA<br><br>**ORDER AUTHORIZING SUPPLEMENTAL SUBMISSIONS RE MOTION FOR DEFAULT JUDGMENT** |

We have reviewed plaintiffs' Motion for Default Judgment, filed October 26, 2006 ("Motion"). The court ORDERS plaintiffs to provide supplemental evidence or argument as necessary to address the following issues and questions.

1. Plaintiffs were unable to effect personal service on Lopeti Kiteau Topui. According to plaintiffs' proof of service, plaintiffs served the defendants by leaving copies of the Summons and Complaint with a resident of "suitable age" at Lopeti Kiteau Topui's residence, 340 Chesapeake Avenue in Foster City, California, and by mailing copies to that address. See, Amended Proof of Service, filed August 7, 2006. What is the basis for plaintiffs' belief that Mr. Topui resides at 340 Chesapeake Avenue in Foster City?

2. Plaintiffs move this court for a judgment that Mr. Topui is individually liable on the ground that he constitutes a "fiduciary" and that he breached his fiduciary duties. Motion at 8. Although plaintiffs' Complaint alleges that defendants are fiduciaries as defined by ERISA, the Complaint does not allege a claim for breach of

1

1  fiduciary duty. Plaintiffs seek judgment by default. Allegations that are not set forth in
2  the Complaint cannot be deemed admitted. Therefore, the court cannot recommend that
3  the District Judge enter judgment against Mr. Topui individually on the ground that he
4  has breached a fiduciary duty.

5  Have plaintiffs alleged any other basis for finding that Mr. Topui is individually
6  liable for the damages sought in the Complaint? Administrators of ERISA fringe benefit
7  funds have argued that the bare allegation that an individual who owns or is an officer
8  of a corporation is an "employer" under ERISA, if unrebutted, is a sufficient basis for
9  imposing individual liability. However, *Operating Engineers Pension Trust, v. Reed*,
10  726 F.2d 513 (9th Cir. 1984), seems to suggest that the bare allegation that an individual
11  is an "employer" under ERISA is <u>not</u> sufficient to support personal liability where the
12  company at issue is incorporated. In order to obtain a judgment that an individual owner
13  and/or officer of a corporation is personally liable for delinquent contributions,
14  *Reed* seems to require allegations, legal and factual, sufficient to find either (1) that the
15  owner and/or officer was a fiduciary and breached a fiduciary duty or (2) that federal
16  requirements for piercing the corporate veil are satisfied. Absent a claim for breach of
17  fiduciary duty, does the Ninth Circuit limit imposition of personal liability on <u>corporate
18  owners and officers</u> to those cases in which plaintiffs have demonstrated a basis for
19  piercing the corporate veil?

20  3.  Plaintiffs seek unpaid contributions in the amount $10,394.43 for <u>951</u> hours
21  worked by Sailoame Mapa between March 2003 and August 2004 and allegedly
22  <u>unreported</u> by defendants. Hagan Decl., at Ex. I. However, plaintiffs' evidence indicates
23  that, for some of the months between March 2003 and August 2004, defendants under-
24  reported Mr. Mapa's hours and, for other months, defendants <u>over</u>-reported the hours
25  worked by Mr. Mapa. Hagan Decl., at Ex. I. If we understand Exhibit I, it appears that
26  Mr. Mapa worked a total of 1871 hours during this period and that defendants reported
27  a total of 1373 hours – leaving unreported a net of <u>498</u> hours.

28  Did defendants <u>pay</u> contributions for some or all of the <u>1373 hours they reported</u>?
If, in a particular month, defendants paid contributions <u>in excess</u> of those actually owed

as a result of <u>over</u>-reporting, those overpayments should be credited to later deficits. Plaintiffs might be entitled to interest and/or liquidated damages as a result of reporting errors, but would not be entitled to collect <u>contributions</u> for 951 hours unless defendants actually failed to <u>pay</u> contributions for 951 of the 1871 hours apparently worked by Mr. Mapa. Plaintiffs must confirm that, although defendants over-reported Mr. Mapa's hours for some months, in <u>none</u> of those months did defendants pay contributions for hours in excess of those actually worked.

4. Plaintiffs seek reimbursement of attorneys' fees at the rate of $225.00 per hour. Bevington Decl., at ¶6. Plaintiffs present <u>no</u> evidence about <u>counsel's experience and qualifications</u> in order to support the requested billing rate.

In this instance, the court will take judicial notice of the Supplementary Declaration of Bruce K. Leigh in Support of Motion for Default Judgment, filed October 13, 2006, <u>in C06-0328 JSW</u>. However, the court ADMONISHES plaintiffs' counsel that Local Rule 54.6(b)(3) requires a party seeking fees to provide a description of counsel's "relevant qualifications and experience."

5. Plaintiffs' request for costs includes multiple entries relating to messenger service and/or process service fees. There appear to be at least two entries for service on the same date (5/23/06). Moreover, plaintiffs' list of costs indicates that service attempts were listed for 5/11, 5/19, and 5/23, yet the Proof of Service of Complaint and Summons indicates that service was attempted in June. Bevington Decl., at Ex. C; Amended Proof of Service, filed August 7, 2006. Plaintiffs must identify the basis for each messenger and process server fee for which reimbursement is sought.

6. Exhibits H, I, and K to the Hagan Declaration contain employees' social security numbers. The court ADMONISHES plaintiffs that individual's social security numbers should be maintained as confidential records and should be redacted from public filings. Where such information is necessary to the disposition of the case, plaintiffs should seek permission to file such confidential information under seal.

The court ORDERS the Clerk to remove Exhibits H, I and K, from the ECF system and place them under seal.  The court ORDERS plaintiffs to e-file amended versions of these exhibits with employees' social security numbers redacted.

**By November 30, 2006**, plaintiffs must file with the court and serve on defendants additional evidence or argument responsive to the above concerns.

**If defendants wish to respond to plaintiffs' November 30th submissions or any other matters set forth in plaintiffs' Motion for Default Judgment, then by December 13, 2006,** defendants must file with the court and serve on plaintiffs a letter asking the court to grant defendants permission to respond and to set a briefing schedule.

**On December 20, 2006, at 1:30 p.m.,** as previously scheduled, the court will conduct the hearing in connection with plaintiffs' Motion for Default Judgment.  Any party wishing to attend may appear at 1301 Clay Street, Courtroom 4, Oakland, California, 94612.

**The Court ORDERS plaintiffs to serve a copy of this Order on defendants immediately.**

IT IS SO ORDERED.

Dated: November 15, 2006

/s/ Wayne D. Brazil
WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:
Plaintiffs with direction to serve defendants,
SBA, wdb, stats, Clerk